IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:_____

JEFF COLDWELL, and ISAAC MERTENS,
Individually and on behalf of all others similarly situated,

Plaintiffs,

v.

RITECORP ENVIRONMENTAL PROPERTY SOLUTIONS,
a Colorado corporation, formerly d/b/a PESTRITE, and ESG ACHIEVEMENT, INC.,
a Utah corporation,

Defendants.

## COMPLAINT & JURY DEMAND

Plaintiffs, Jeff Coldwell and Isaac Mertens, by and through their counsel of record, hereby bring this Complaint against Defendants RITECorp Environmental Property Solutions, formerly d/b/a PESTRite, and ESG Achievement, Inc. as individuals and on behalf of all other similarly situated individuals. Plaintiffs state as follows:

### STATEMENT OF THE CASE

1. Plaintiffs, and those similarly situated, are currently or were formerly employed by Defendants as pest controllers in Defendants' pest control and extermination business.

2. Plaintiffs and all those similarly situated regularly worked overtime hours while employed by Defendants, but were never compensated for the additional hours.

3. Defendants failed to pay their employees overtime wages, despite knowledge that their employees did not fall within any of the statutory exemptions as defined by the Fair

1

Labor Standards Act, 29 U.S.C. §§201 *et seq.* and the Colorado Wage Claim Act, C.R.S. §§8-4-101 *et seq.*

4. Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* by failing to pay their employees one and one half times the employees regular rate of pay for all hours worked beyond forty hours in a given work week.

5. Defendants violated the Colorado Wage Claim Act, C.R.S. §§8-4-101 *et seq.* by failing to pay employees all earned, vested, and determinable wages unpaid at the time of separation, and failing to pay their employees proper overtime wages as required.

6. Defendants violated 29 U.S.C. §211(c) by failing to keep required time records in furtherance of their scheme to avoid paying required overtime wages to the plaintiffs and all similarly situated employees.

## PARTIES

7. Plaintiff Jeff Coldwell is a resident of Weld County, State of Colorado.

8. Plaintiff Isaac Mertens is a resident of Weld County, State of Colorado.

9. Defendant RITECorp Environmental Property Solutions, formerly d/b/a PestRite (hereinafter "RITECorp"), is a corporation organized under the laws of the State of Colorado with its principal place of business in Weld County, State of Colorado.

10. Defendant ESG Achievement, Inc. (hereinafter "ESG") is a corporation organized under the laws of the State of Utah, with its principle place of business in Utah County, State of Utah, registered to do business in the State of Colorado and regularly conducting business within the State of Colorado.

## JURISDICTION AND VENUE

11. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b), and the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. §§ 8-4-101 *et seq.*

12. As such, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over any and all state law claims pursuant to 28 U.S.C. §1367.

13. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events or omissions giving rise to this cause of action occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS

14. ESG and RITECorp operated a joint venture which required each employee, including plaintiffs, to enter into an employment agreement rendering each an employee of both entities as a condition of employment.

15. ESG and RITECorp divided employer responsibilities, with ESG retaining the right to unilaterally control wages, compensation and make hiring and firing decisions. ESG also processed the payroll for the joint venture with RITECorp.

16. RITECorp retained day-to-day operational control over the employees, including scheduling, training, work assignments and collection of hours worked and also retained the right to unilaterally control wages, compensation and make hiring and firing decisions.

17. RITECorp provided daily assignments and scheduling to pest controllers but failed to record actual hours worked, including compensable travel time in violation of 29 U.S.C. §211(c).

18. ESG was aware of RITECorp's failures to comply with FLSA and other wage and hour laws but processed falsely reported payroll hours for the joint venture's pest controller employees.

19. Plaintiff Jeff Coldwell was employed by defendants for approximately two years, with his employment ending on or around the end of June 2015.

20. Plaintiff Isaac Mertens was employed by defendants for approximately one and one half years, with his employment ending on or around mid-January 2015.

21. While both Plaintiffs, as well as other similarly situated employees, were employed by RITECorp and ESG they regularly worked a daily schedule from 7:00 AM through 5:00 PM or later.

22. No times for statutory breaks or meal periods were accounted for in any employee's daily schedule.

23. Plaintiffs and other employees checked in on tablets provided by the joint venture and received their appointment schedules through electronic files sent to the tablets from RITECorp.

24. The Plaintiffs were employed as exterminators and performed pest control services while working for Defendants, and as such, do not fall within any of the statutory exemptions for the payment of overtime wages.

25. Rather than paying employees in accordance with state and federal law, Defendants paid Plaintiffs a fixed wage "salary," and mis-classified the pest controllers as "exempt" in an attempt to avoid paying employees for overtime work.

26. During the execution of its payroll and administrative oversight, ESG became expressly aware that its co-employer, Defendant RITECorp actively engaged in a misclassification scheme to avoid paying overtime due to non-exempt employees.

27. Further, Defendants failed to track pest controller's hours as part of its scheme to avoid paying required overtime and instead falsely reported that Plaintiffs and other similarly situated non-exempt employees worked exactly eighty hours every two weeks.

28. ESG confirmed with its co-venturer that its pest controllers did not fall within any of the enumerated statutory exemptions from overtime requirements, and as such should not be classified as exempt employees.

29. ESG, none-the-less, continued to process inaccurate payroll and failed to enforce compliance with statutory record-keeping requirements under 29 U.S.C. §211(c).

30. As such, Plaintiffs, and all other similarly situated employees of Defendants, are entitled to the payment of overtime wages in accordance with the laws of the United States and the State of Colorado.

31. This knowing and egregious withholding of overtime wages constitutes a willful violation of the Colorado Wage Claim Act and the Fair Labor Standards Act.

32. As such, Defendants are liable to the Plaintiffs for their back pay and statutory penalties in accordance with the statutes.

## 29 U.S.C. §216(b) COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs Jeff Coldwell and Isaac Mertens bring this claim under the Fair Labor Standards Act as a collective action, pursuant to 29 U.S.C. §216(b), on behalf of themselves and all similarly situated employees currently and formerly employed by

Defendants. Pending any necessary modification resulting from discovery in this case, Plaintiffs define this "216(b) class" as follows:

> All individuals employed by Defendants as non-exempt employees between August 5, 2013 and the present who were not paid mandatory overtime premiums for hours worked over forty hours in a work week.

34. The relevant time period dates back three years from the filing of this Complaint, as the FLSA provides for a three year statute of limitations for claims of willful violations brought under the Act, 29 U.S.C. §255(a).

35. All potential §216(b) class members are similarly situated because they were all employed by Defendants in non-exempt positions and are or were subject to Defendants' failure to pay overtime wages.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 *et seq.*
(Against All Defendants)

36. Plaintiffs incorporate paragraphs 1-35 as if realleged.

37. Plaintiffs, and all similarly situated employees, routinely worked in excess of 40 hours per week, but were only compensated for 40 hours. Plaintiffs, and all similarly situated employees, were non-exempt for the purposes of the FLSA, and as such were entitled to overtime premiums for all hours worked in excess of forty hours in a given work week.

38. The denial of payment in any form, and particularly in the form of overtime wages violates 29 U.S.C. §206 and 29 U.S.C. § 207.

39. As such, Defendants are liable to Plaintiffs for damages in the amount of their earned overtime wages plus liquidated damages equal to that amount.

6

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE COLORADO WAGE CLAIM ACT, C.R.S. §8-4-101 *et seq.***
(Against All Defendants)

40. Plaintiffs incorporate paragraphs 1-39 as if realleged.

41. Plaintiffs, and all other similarly situated employees, regularly were scheduled and performed work duties in excess of 40 hours, but were never paid for more than 40 hours.

42. Despite both Defendants knowledge that its pest controllers did not fall within any of the enumerated statutory exemptions, Plaintiffs, and all other similarly situated employees, were improperly classified as exempt employees and were not properly compensated for their overtime work.

43. This action constitutes a willful violation of the Colorado Wage Claim Act.

44. As such, Defendants are liable to the Plaintiffs, and all similarly situated employees, for their lost wages, prejudgment interest, attorney's fees and costs associated with bringing this action, statutory penalties, and other damages according to proof.

WHEREFORE, Plaintiffs respectfully request that this court issue an Order allowing this case to be certified to proceed as a collective action under 29 U.S.C. §216(b), and that appropriate notice of this suit and the opportunity to opt in be provided to all potential class members. Plaintiffs further pray that the Court award them their unpaid wages, costs, attorney's fees, and statutory penalties pursuant to C.R.S. §8-4-101 *et seq.*; pre and post-judgment interest and liquidated damages pursuant to 29 U.S.C. §216(b); and any other relief this Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED: August 5, 2016

7

Respectfully Submitted,

*/s/ R. Bret Beattie*
R. Bret Beattie, #39805
Alexandra M. Bellanti, #47910
Mark Fenton, #48455
The Bret Beattie Law Firm, LLC
7200 S. Alton Way, Suite A-120
Centennial, CO 80112
Telephone: 720-708-3275
Fax: 720-708-3268
Email: bret@bretbeattielawfirm.com;
abellanti@bretbeattielawfirm.com;
mfenton@firepowerlaw.com
ATTORNEYS FOR THE PLAINTIFFS

8