# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

JEFF COLDWELL, and ISAAC
MERTENS, Individually and on behalf of
all others similarly situated,

Plaintiffs,

v.

RITECORP ENVIRONMENTAL
PROPERTY SOLUTIONS a Colorado
corporation, formerly d/b/a PESTRITE and
ESG ACHIEVEMENT, INC., a Utah
corporation,

Defendants.

Civil No. 1:16-cv-01998

## ANSWER OF ESG ACHIEVEMENT

Defendant ESG Achievement, Inc. ("ESG"), through undersigned counsel, answers Plaintiffs' complaint as follows.

### STATEMENT OF THE CASE

1. In response to the allegations in paragraph 1 of the Complaint, ESG admits that Plaintiffs are currently or were formerly employed in the pest control and extermination business of co-defendant RiteCorp Environmental Property Solutions ("RiteCorp"). ESG denies that Plaintiffs are or were employed by ESG. ESG states that it served as a professional employer organization ("PEO") to RiteCorp from approximately January 2011 until December 27, 2014. As RiteCorp's PEO, ESG states that it provided certain human resources-related and

administrative services to RiteCorp and its employees. ESG denies the remaining allegations of paragraph 1.

      2.      To the extent paragraph 2 is directed at ESG, ESG denies such allegations.

      3.      To the extent paragraph 3 is directed at ESG, ESG denies such allegations.

      4.      To the extent paragraph 4 is directed at ESG, ESG denies such allegations.

      5.      To the extent paragraph 5 is directed at ESG, ESG denies such allegations.

      6.      To the extent paragraph 6 is directed at ESG, ESG denies such allegations.

## PARTIES

      7.      ESG lacks the information necessary to form a belief as to the truth or falsity of the allegations of paragraph 7 of the Complaint and therefore denies such allegations.

      8.      ESG lacks the information necessary to form a belief as to the truth or falsity of the allegations of paragraph 8 of the Complaint and therefore denies such allegations.

      9.      ESG lacks the information necessary to form a belief as to the truth or falsity of the allegations of paragraph 9 of the Complaint and therefore denies such allegations.

      10.     ESG admits the allegations of paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

      11.     ESG admits that the Complaint purports to arise under the statutes cited in paragraph 11 of the Complaint, but denies that its actions violated the statutes.

12. ESG admits that this court has jurisdiction over the claims as alleged in the Complaint.

13. ESG admits that venue in this district is proper, but denies that it committed the events or commissions as alleged in the Complaint.

## FACTS COMMON TO ALL CLAIMS

14. ESG denies the allegations of paragraph 14 of the Complaint.

15. ESG admits that ESG and RiteCorp divided certain responsibilities typically performed by an employer with respect to Plaintiffs. ESG also admits that it processed the payroll for RiteCorp's employees. ESG denies the remaining allegations of paragraph 15 of the Complaint.

16. ESG admits the allegations of paragraph 16 of the Complaint.

17. ESG admits that RiteCorp provided daily assignments and scheduling to pest controllers, but lacks the information necessary to form a belief as to the truth or falsity of the remaining allegations of paragraph 17 of the Complaint and therefore denies them.

18. ESG denies the allegations of paragraph 18 of the Complaint.

19. ESG admits that Plaintiff Jeff Coldwell was employed by RiteCorp for approximately two years and that his employment ended on or around the end of June 2015. ESG denies that it employed Coldwell at any time.

20. ESG admits that Plaintiff Isaac Mertens was employed by RiteCorp for approximately one-and-a-half years, with his employment ending on or around mid-January 2015. ESG denies that it employed Mertens at any time.

21. ESG denies that Plaintiffs were employed by ESG. ESG lacks the information necessary to form a belief as to the truth or falsity of the remaining allegations in paragraph 21 of the Complaint and therefore denies such allegations.

22. ESG lacks the information necessary to form a belief as the truth or falsity of the allegations of paragraph 22 of the Complaint and therefore denies such allegations.

23. ESG denies the existence of any joint venture between ESG and RiteCorp. ESG lacks the information necessary to form a belief as to the truth or falsity of the remaining allegations of paragraph 23 of the Complaint and therefore denies such allegations.

24. ESG admits that Plaintiffs were employed as exterminators and performed pest control services while working for RiteCorp. ESG denies the remaining allegations of paragraph 24 of the Complaint.

25. ESG denies that it employed Plaintiffs and further denies the remaining allegations of paragraph 25 of the Complaint.

26. ESG admits that it administered the payroll for RiteCorp's employees. ESG denies that it exercised administrative oversight over RiteCorp. ESG denies the remaining allegations of paragraph 26 of the Complaint.

27.     ESG admits that it did not track pest controllers' hours. ESG denies the remaining allegations of paragraph 27 of the Complaint.

28.     ESG denies the allegations of paragraph 28 of the Complaint.

29.     ESG denies the allegations of paragraph 29 of the Complaint.

30.     ESG denies the allegations of paragraph 30 of the Complaint.

31.     ESG denies the allegations of paragraph 31 of the Complaint.

32.     ESG denies the allegations of paragraph 32 of the Complaint.

## 29 U.S.C. § 216(B) COLLECTIVE ACTION ALLEGATIONS

33.     ESG admits that Plaintiffs purport to bring this claim as stated in paragraph 33 of the Complaint.  ESG denies that Plaintiffs' claim is properly brought as a collective action under the Fair Labor Standards Act as codified at 29 U.S.C. § 216(b).  ESG also denies that the class as defined as proper.

34.     ESG denies the allegations of paragraph 34 of the Complaint.

35.     ESG denies the allegations of paragraph 35 of the Complaint.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 ET SEQ.

36.     ESG incorporates its responses to paragraphs 1-35 of the Complaint.

37. ESG lacks the information necessary to form a belief as to the truth or falsity of the allegations of paragraph 37 of the Complaint and therefore denies such allegations.

38. ESG denies the allegations of paragraph 38 of the Complaint.

39. ESG denies the allegations of paragraph 39 of the Complaint.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE COLORADO WAGE CLAIM ACT, C.R.S. 88-4-101 ET SEQ.

40. ESG incorporates its responses to paragraphs 1-39 of the Complaint.

41. ESG lacks the information necessary to form a belief as to the truth or falsity of the allegations of paragraph 41 of the Complaint and therefore denies such allegations.

42. ESG denies the allegations of paragraph 42 of the Complaint.

43. ESG denies the allegations of paragraph 43 of the Complaint.

44. ESG denies the allegations of paragraph 44 of the Complaint.

45. ESG denies all allegations set forth in the Complaint that are not specifically admitted above.

## AFFIRMATIVE DEFENSES

46. Plaintiffs' Complaint fails to state a claim for which relief may be granted.

47. Defendant ESG was not, and is not, required to pay overtime pay to Plaintiffs or any similarly situated persons under the Fair Labor Standards Act or the Colorado Wage Claim Act because it is not and was not Plaintiffs' employer for purposes of these laws.

48. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

49. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and unclean hands.

50. Plaintiffs' claims are barred, in whole or in part, by the acts of Plaintiffs, and/or any putative class members or similarly situated persons.

51. At all relevant times, ESG acted in good faith and in compliance with all applicable laws and regulations.

52. At all relevant times ESG's actions were not willful within the meaning of federal or state law.

53. Plaintiffs' claims for unpaid overtime pay should be offset, in whole or in part, by other payments made to Plaintiffs and/or any putative class members or similarly situated persons.

54. Plaintiffs' claims, and those of the putative class members/similarly situated persons are not properly brought as a collective action under the Fair Labor Standards Act or the Colorado Wage Claim Act.

WHEREFORE, Defendant ESG Achievement, Inc. requests that Plaintiff's Complaint be dismissed and that ESG be awarded its attorneys' fees and costs along with such other relief as the Court deems just.

Respectfully submitted this 31st day of August 2016:

        HOLLAND & HART LLP

        /s/ *Dustin D. Berger*
        Jeffrey T. Johnson (jjohnson@hollandhart.com)
        555 17th St., Suite 3200
        Denver, CO 80202
        303.295.8019 / (f) 303.713.6202

        Dustin D. Berger (ddberger@hollandhart.com)
        2515 Warren Ave. #450
        Cheyenne, WY 82001
        307.778.4203 / (f) 303.778.8175

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 31, 2016, a copy of the foregoing was filed with the Court via the CM/ECF system, which will send notification of this filing to the following:

    R. Bret Beattie (bret@bretbeattielawfirm.com)
    Alexandra M. Bellanti (abellanti@bretbeattielawfirm.com)
    Mark Fenton (mfenton@bretbeattielawfirm.com)
    The Bret Beattie Law Firm, LLC
    7200 S. Alton Way, Suite A-120
    Centennial, CO 80112
    Telephone: (720) 708-3275
    Facsimile: (720) 708-3268

    Chanda M. Feldkamp (cfeldkamp@kellywalkerlaw.com)
    Kelly and Walker LLC
    1512 Larimer Street, Suite 200
    Denver, CO  80202
    Telephone:  (720) 236-1800
    Facsimile:  (720) 236-1799

    /s/*Dustin D. Berger*

9062557_1