## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No:  1:16-cv-01998-NYW

JEFF COLDWELL, and ISSAC MERTENS,
Individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

RITECorp ENVIRONMENTAL PROPERTY SOLUTIONS,
a Colorado corporation, formerly d/b/a PESTRITE, and ESG ACHIEVEMENT, INC.,
a Utah corporation,

      Defendants.

---

## ANSWER TO COMPLAINT AND JURY DEMAND

---

Defendant Burns Family Investments & Holdings ("RITECorp"), a dissolved Colorado corporation formerly known as RITECorp Environmental Property Solutions, through undersigned counsel, responds to Plaintiffs' Complaint and Jury Demand as follows:

### STATEMENT OF THE CASE

1.      In response to the allegations in paragraph 1 of the Complaint, RITECorp admits that Plaintiffs Jeff Coldwell and Isaac Mertens performed work for RITECorp; Plaintiff Coldwell, as a Field Customer Service Professional and, Plaintiff Mertens, as a Field Service Representative.  Whether RITECorp and/or Defendant ESG Achievement, Inc. ("ESG") were Plaintiffs' "employer" as that term is defined by the Fair Labor Standards Act ("FLSA") or the Colorado Wage Claim Act ("CWCA") calls for a legal conclusion and the referenced statutes speak for themselves; as such no response is necessary.  To the extent a response to this legal

1

conclusion is deemed necessary, RITECorp denies that allegation of paragraph 1.  RITECorp denies any and all remaining allegations contained in paragraph 1.

2.      RITECorp denies the allegations of paragraph 2.

3.      RITECorp denies the allegations of paragraph 3.

4.      RITECorp denies the allegations of paragraph 4.

5.      RITECorp denies the allegations of paragraph 5.

6.      RITECorp denies the allegations of paragraph 6.

## PARTIES

7.      In response to paragraph 7, RITECorp is without sufficient information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 7, and therefore, denies the same.

8.      In response to paragraph 8, RITECorp is without sufficient information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 8, and therefore, denies the same.

9.      In response to paragraph 9, RITECorp states that Burns Family Investments & Holdings, formerly known as RITECorp Environmental Property Solutions, is a dissolved Colorado corporation formerly organized under the laws of the State of Colorado with its principal place of business formerly located in Weld County, State of Colorado.  RITECorp denies any and all remaining allegations contained in paragraph 9.

10.     In response to paragraph 10, RITECorp is without sufficient information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 10, and therefore, denies the same.

## JURISDICTION AND VENUE

11.     In response to paragraph 11, RITECorp admits that Plaintiffs have asserted a count for violation of the Fair Labor Standards Act as well as a count for violation of the Colorado Wage Claim Act.  RITECorp denies any and all remaining allegations contained in paragraph 11.

12.     The allegations of paragraph 12 call for legal conclusions and the referenced statutes speak for themselves; as such no response is necessary.  To the extent a response is deemed necessary, RITECorp denies the allegations of paragraph 12.

13.     The allegations of paragraph 13 call for legal conclusions and the referenced statutes speak for themselves; as such no response is necessary.  To the extent a response is deemed necessary, RITECorp denies the allegations of paragraph 13.

## FACTS COMMON TO ALL CLAIMS

14.     RITECorp denies the allegations of paragraph 14.

15.     In response to paragraph 15, RITECorp states that Defendant ESG served as a professional employer organization ("PEO") to RITECorp during at least a portion of the relevant time period.  During the period of time ESG served as RITECorp's PEO, RITECorp admits that it and ESG divided certain responsibilities typically performed by an employer with respect to Plaintiffs and that ESG processed RITECorp's payroll.  The remaining allegations of paragraph 15 call for legal conclusions and concern statements addressed in documents, which speak for themselves, and therefore, no response is required with respect to the remaining allegations of paragraph 15.  To the extent a response to these legal conclusions is deemed necessary or to the extent the allegations are incomplete or inconsistent with the statements

referenced in the documents, they are denied. RITECorp denies all remaining allegations contained in paragraph 15.

16.     In response to paragraph 16, RITECorp states that allegations of paragraph 16 call for legal conclusions and concern statements addressed in documents, which speak for themselves, and therefore, no response is required with respect to the allegations of paragraph 16. To the extent a response to these legal conclusions is deemed necessary or to the extent the allegations are incomplete or inconsistent with the statements referenced in the documents, they are denied. RITECorp denies all remaining allegations contained in paragraph 16.

17.     In response to paragraph 17, RITECorp denies the allegations contained in the first portion of paragraph 17 as stated, as RITECorp denies that it provided all daily assignments and scheduling to pest controllers. The remaining allegations of paragraph 17 call for legal conclusions and as such no response is necessary. However, to the extent a response is deemed necessary, RITECorp denies the remaining allegations of paragraph 17. RITECorp denies any and all remaining allegations contained in paragraph 17.

18.     The allegations of paragraph 18 call for legal conclusions and as such no response is necessary. However, to the extent a response is deemed necessary, RITECorp denies the allegations of paragraph 18.

19.     In response to paragraph 19, RITECorp admits that Plaintiff Coldwell was employed as a Field Customer Service Professional working for RITECorp for approximately two years, with his employment ending on or about July 1, 2015. Whether RITECorp and/or Defendant ESG were Plaintiffs' "employer" as that term is defined by the FLSA or the CWCA calls for a legal conclusion and the referenced statutes speak for themselves; as such no response

is necessary.  To the extent a response to this legal conclusion is deemed necessary, RITECorp denies that allegation of paragraph 19.  RITECorp denies any and all remaining allegations contained in paragraph 19.

20.     In response to paragraph 20, RITECorp admits that Plaintiff Mertens was employed as a Field Service Representative working for RITECorp for approximately one and one half years, with his employment ending on or about January 23, 2015.  Whether RITECorp and/or Defendant ESG were Plaintiffs' "employer" as that term is defined by the FLSA or the CWCA calls for a legal conclusion and the referenced statutes speak for themselves; as such no response is necessary.  To the extent a response to this legal conclusion is deemed necessary, RITECorp denies that allegation of paragraph 20.  RITECorp denies any and all remaining allegations contained in paragraph 20.

21.     RITECorp denies the allegations of paragraph 21.

22.     The allegations of paragraph 22 call for legal conclusions and as such no response is necessary.  However, to the extent a response is deemed necessary, RITECorp denies the allegations of paragraph 22.

23.     In response to paragraph 23, RITECorp admits that it provided Plaintiff Coldwell and Plaintiff Mertens with tablets or handheld computers.  RITECorp denies any and all remaining allegations contained in paragraph 23 as stated.

24.     In response to paragraph 24, RITECorp denies Plaintiffs' characterization of their titles and duties as stated, and states that Plaintiff Coldwell was employed as a Field Customer Service Professional and Plaintiff Mertens was employed as a Field Service Representative. RITECorp further states that, in these respective roles, Plaintiffs' duties included, but were not

limited to, performing pest control services.  The remaining allegations of paragraph 24 call for legal conclusions and as such no response is necessary.  However, to the extent a response is deemed necessary, RITECorp denies the remaining allegations of paragraph 24.

25.     In response to paragraph 25, RITECorp denies any insinuation that it acted intentionally or willfully in an attempt to avoid paying employees for overtime work.  The remaining allegations of paragraph 25 call for legal conclusions and as such no response is necessary.  However, to the extent a response is deemed necessary, RITECorp denies the remaining allegations of paragraph 25.

26.     RITECorp denies the allegations of paragraph 26.

27.     RITECorp denies the allegations of paragraph 27.

28.     RITECorp denies the allegations of paragraph 28.

29.     RITECorp denies the allegations of paragraph 29.

30.     RITECorp denies the allegations of paragraph 30.

31.     RITECorp denies the allegations of paragraph 31.

32.     RITECorp denies the allegations of paragraph 32.

## 29 U.S.C. §216(b) COLLECTIVE ACTION ALLEGATIONS

33.     In response to paragraph 33, RITECorp admits that Plaintiffs purport to bring their Fair Labor Standards Act claim as a collection action.  However, RITECorp denies that Plaintiffs' claim is properly brought as a collective action under the Fair Labor Standards Act as codified at 29 U.S.C. § 216(b).

34.     RITECorp denies the allegations of paragraph 34.

35.     RITECorp denies the allegations of paragraph 35.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 *et sec.*
### (Against All Defendants)

36.     RITECorp hereby incorporates and restates its responses to paragraphs 1-35 above as if fully set forth herein.

37.     RITECorp denies the allegations of paragraph 37.

38.     RITECorp denies the allegations of paragraph 38.

39.     RITECorp denies the allegations of paragraph 39.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE COLORADO WAGE CLAIM ACT, C.R.S. §8-4-101 *et seq.*
### (Against All Defendants)

40.     RITECorp hereby incorporates and restates its responses to paragraphs 1-39 above as if fully set forth herein.

41.     RITECorp denies the allegations of paragraph 41.

42.     RITECorp denies the allegations of paragraph 42.

43.     RITECorp denies the allegations of paragraph 43.

44.     RITECorp denies the allegations of paragraph 44.

45.     RITECorp denies that Plaintiffs are entitled to the relief requested in the WHEREFORE clause of the Complaint.

46.     RITECorp denies each and every material allegation not specifically admitted herein.

## ADDITIONAL GENERAL AND AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiffs have suffered no recoverable damages and/or have not suffered damages in the nature and to the extent alleged.

3.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

4.      Plaintiffs' claims may be barred, in whole or in part, by the doctrine of estoppel, unclean hands, ratification, consent, waiver and/or laches.

5.      Plaintiffs' claims or their damages (if any) are barred, in whole or in part, by the principles of accord and satisfaction and/or payment.

6.      The Complaint, and each claim alleged therein, is barred, in whole or in part, by the doctrine of *in pari delicto*.

7.      The claims of some, if not all, putative collective action members are barred, in whole or in part, because in exchange for a good and valuable consideration, they released RITECorp from all liability to some or all of them for the claims alleged in the Complaint.

8.      The claims of some putative collective action members are barred, in whole or in part, by the doctrine of *res judicata*.

9.      The Complaint, and each claim alleged therein, is barred, in whole or in part, by the doctrine of collateral estoppel.

10.     The claims of some, if not all, putative collective action members may be barred, in whole or in part, to the extent they are subject to valid agreements to arbitrate and, therefore, the action is barred in by the absence of an arbitration and/or their claims are not properly before the Court.  By filing its response, Defendants have not waived their right to arbitration in this matter.

11.     Plaintiffs' claims are barred, in whole or in part, because they failed to exhaust internal and/or administrative remedies or comply with conditions prerequisite.

12.     Plaintiffs' claims and damages may be limited and/or barred to the extend Plaintiffs did not comply with applicable statutory notice and demand requirements.

13.     RITECorp alleges that the sole proximate cause of the injuries and/or damages alleged were due to the fault of Plaintiffs or that their fault contributed to the same.   On a comparative basis, the fault of Plaintiffs far outweighs that of RITECorp, whose fault is specifically denied.

14.     Should it be found that Plaintiffs suffered damages, any such damages were proximately and directly caused by persons or entities other than RITECorp and for which RITECorp has no responsibility.

15.     Plaintiffs' claims against RITECorp may be barred, in whole or in part, to the extent it is not deemed to be Plaintiffs' "employer" as defined by the Fair Labor Standards Act or the Colorado Wage Claim Act.

16.     RITECorp states it may be entitled to contractual or equitable indemnification and/or contribution from Defendant ESG.

17.     Plaintiffs' claims and damages may be limited and/or barred to the extent the Plaintiffs are categorized as exempt from the overtime requirements under the applicable laws.

18.     RITECorp states that any alleged actions with respect to Plaintiffs, and all those similarly situated, if any, were lawful, justified, privileged and made in good faith in conformity with and in reliance on FLSA, CWCA and all applicable federal and state laws, regulations, and statutes or a written administrative regulation, order, opinion, ruling, approval, interpretation, and/or

administrative practice or policy, and it had reasonable grounds for believing it was in compliance.

19.     RITECorp acted in conformity with and in reliance on written administrative regulations, orders, ruling, practices, interpretations and/or enforcement policies of the Wage and Hour Division of the U.S. Department of Labor and all state agencies charged with enforcement of state wage and hour laws.

20.     No act or omission of RITECorp which is alleged to violate the FLSA and/or state law was willful, knowing or in reckless disregard for the provisions of the law, and Plaintiffs are not entitled to a penalty, multiplication of or addition to damages (including liquidated damages), or extension of any statute of limitations period.

21.     Plaintiffs' claims or damages may be limited and or barred by the avoidable consequences doctrine and/or their failure to mitigate their alleged damages.

22.     RITECorp asserts that it is entitled to a credit and/or setoff for any and all compensation or benefits paid and/or payable, as well as any and all compensation or benefits, collateral sources, or other sources, or set-offs or recoupments and, therefore, claims its credits, set-offs, or recoupments accordingly pursuant to C.R.S. § 13-21-111.6 and otherwise by law.

23.     In calculating overtime liability (if any, which is denied), RITECorp is entitled to exclusion of all elements of plaintiffs' compensation that are excludable from an employee's regular rate under federal or state law for purposes of calculating overtime, including, but not limited to, those elements that fall within Section 7(c) of the FLSA, 29 U.S.C. § 207(e), and/or any analogous state law provisions, and for all time spent on preliminary or postliminary activities excludable from hours worked under 29 U.S.C. § 254.

24.     RITECorp is entitled to a credit against any overtime owed (if any, which is denied) to Plaintiffs for any amounts permitted under federal or state law to be credited toward an employer's overtime liability, included, but not limited to, those set forth in Section 7(h) of the FLSA, 29 U.S.C. § 207(h), and/or any analogous state law provision.

25.     The damages incurred by Plaintiffs, if any, must be reduced or eliminated by any setoffs and credits for (1) all overpayments of compensation to plaintiffs, (2) sums which Plaintiffs received during the course of their employment for reasons other than for work performed for defendants, and (3) all other amounts that may lawfully be deducted from any amount awarded to plaintiffs under the FLSA and/or applicable state law.

26.     This action should not be certified as a collective action because of a failure to allege facts sufficient to warrant certification and Plaintiffs' claims, and those of the purported putative class members/similarly situated persons are not properly brought as a collective action under the Fair Labor Standards Act or the Colorado Wage Claim Act.

27.     Plaintiffs are not entitled to some or all of the relief requested because, even if any unlawful practice or conduct occurred, which RITECorp specifically denies, such practice/conduct was prohibited by applicable policy was not committed, authorized or approved by RITECorp.

28.     Plaintiffs' claims are barred as to all hours allegedly worked of which RITECorp lacked constructive or actual knowledge.

29.     Plaintiffs' claims fail in whole or in part under the *de minimus* doctrine and/or because damages (if any) associated with such claims are too speculative to be permitted.

30.     Plaintiffs' claims may be barred, and/or their damages may be limited or foreclosed, under the after-acquired evidence doctrine.

31.     Plaintiffs' Complaint is factually and legally vague and prevents Defendant from anticipating all separate defenses and claims that may be applicable in this action.  Defendant reserves the right to amend its answer to raise additional affirmative defenses or pursue any available counterclaims against Plaintiffs that may become known as Plaintiffs clarify the claims alleged in this action and/or otherwise as those claims become known during this litigation.

WHEREFORE, having fully answered Plaintiffs' Complaint and all claims for relief set forth therein, RITECorp prays as follows:

1.  For judgment to be entered against Plaintiffs and Plaintiffs' Complaint and all claims for relief asserted therein be dismissed with prejudice;

2.  RITECorp be awarded its reasonable costs and expenses, including attorney's fees; and

3.  For whatever additional relief this Court deems just and proper.

Respectfully submitted this 28th day of September, 2016.

**KELLY & WALKER LLC**

*s/Chanda M. Feldkamp*
William J. Kelly III, No. 38749
Chanda M. Feldkamp, No. 44260
1512 Larimer Street, Suite 200
Denver, CO 80202
Tel. (720) 236-1800
Fax (720) 236-1799
Email: wkelly@kellywalkerlaw.com
          cfeldkamp@kellywalkerlaw.com

*Attorneys for Defendant RITECorp Environmental Property Solutions*

12

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that, on this 28th day of September, 2016, a true and correct copy of the foregoing **ANSWER TO COMPLAINT AND JURY DEMAND** was filed and served via CM/ECF on the following:

R. Bret Beattie
Alexandra M. Bellanti
Mark Fenton
The Bret Beattie Law Firm, LLC
7200 S. Alton Way, Suite A-120
Centennial, CO 80112
bret@bretbeattielawfirm.com
abellanti@bretbeattielawfirm.com
mfenton@firepowerlaw.com

Jeffrey T. Johnson
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
jjohnson@hollandhart.com

Dustin D. Berger
Holland & Hart LLP
2515 Warren Ave., #450
Cheyenne, WY 82001
ddberger@hollandhart.com

                                           *s/Courtney Richardson*
                                           Courtney Richardson