IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1: 16-cv-01998-NYW

JEFF COLDWELL and
ISAAC MERTENS, individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

RITECORP ENVIRONMENTAL PROPERTY SOLUTIONS, INC., a Colorado corporation, formerly d/b/a PESTRITE,

        Defendant.

---

**JOINT MOTION TO APPROVE SETTLEMENT**

---

The parties, jointly, by and through their respective undersigned counsel, respectfully request that the court approve the settlement pursuant to the Fairness Hearing set for Monday, April 22, 2019 at 11:00 a.m. In furtherance the parties state as follows:

**CERTIFICATE OF COMPLIANCE WITH D.C.COLOLCivR 7.1(a)**

Counsel for the parties have conferred, stipulate and agree to request the relief requested herein.

**BACKGROUND**

A 6-day jury trial was scheduled to commence in this matter on April 1, 2019. On March 21, 2019, following successful settlement negotiations, the parties filed their Joint Notice of Settlement [Doc. No. 130] to advise the Court that a settlement in principal had been reached between the parties. On March 22, 2019, counsel for the parties attended a Status Conference, which Status Conference was originally scheduled as the Final Pretrial Conference for this matter. During the Status Conference, the parties confirmed on the record that a settlement had been reached and the Court

vacated the jury trial set to commence on April 1, 2019. The Court also set a Fairness Hearing for April 8, 2019 and advised the parties to file a motion to vacate on or before April 4, 2019 if the parties should decide that a Fairness Hearing is not necessary. On March 28, 2019, the Court entered its Courtroom Minutes/Minute Order [Doc. No. 132] from the Status Conference, confirming the dates discussed at the Status Conference.

On April 4, 2019, the Defendant filed an Unopposed Motion to Vacate the Fairness Hearing Set for April 8, 2019 [Doc. No. 133], in part due to the logistical challenges with drafting and finalizing the Settlement Agreement and obtaining signatures from eleven (11) parties prior to the scheduled Fairness Hearing, as well allowing the parties the opportunity to whether a Fairness Hearing is desired in this matter. The court denied in part and granted in part the motion. The court reset the Fairness Hearing for April 22, 2019 at 11:00 a.m. and ordered the parties to submit a Joint Motion to Approve Settlement on or before April 18, 2019 [Doc. No. 134]. By Order, dated April 19, 2019, the Court extended the deadline for the parties to submit a Joint Motion to Approve Settlement on or before April 19, 2019 at 5:00 p.m. [Doc. No. 135].

The parties respectfully request that the court APPROVE the settlement based on the fairness standards applicable to this Fair Labor Standards Act ("FLSA") settlement.

## ARGUMENT

This case involves claims of unpaid overtime under the FLSA. *See* Plaintiffs' Complaint at pp. 1-2. [Doc. No. 1]. Over the course of two and a half years, the parties litigated a multitude of issues and a 6-day jury trial was scheduled to commence on April 1, 2019. The remaining issues for trial were narrowed due to the Court's Order on summary judgment, and in essence were liability/willfulness and if willfulness, damages. On March 21, 2019, eight (8) days before trial, the parties reached a settlement in principal of this matter and notified the Court of the settlement. [Doc. No. 130]. The attached Settlement Agreement reflects the agreed terms of the parties' settlement.

*See* Settlement Agreement, attached hereto as ***Exhibit 1***.

**I.      Applicable Standards for Settlement Approval.**

In the context of settlement of an FLSA collective action, a district court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution (sic) of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982). If the settlement reflects a reasonable compromise of issues in dispute, the court may approve the settlement to promote the policy of encouraging settlement of litigation. *Fulton v. TLC Lawn Care, Inc.,* CIV.A. 10–2645–KHV, 2012 WL 1788140, at *2 (D.Kan. May 17, 2012) (citing *Lynn's Food Stores,* 679 F.2d at 1354). In applying this analysis, the district court should examine four factors: (1) was the settlement achieved in an adversarial context; (2) were the plaintiffs represented by attorneys who can protect their rights; (3) does the settlement reflect a reasonable compromise over issues that are actually in dispute; and (4) is the settlement fair? *Lynn's Food Stores,* 679 F.2d at 1353–54; *Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, D. Colo. (2018).

**A.      The Settlement was Achieved in an Adversarial Context**.

This matter has been heavily litigated over a period of in excess of two (2) years. The court docket, of which the parties respectfully request the court to take judicial notice, inescapably demonstrates the matter was ultimately settled in a heavily adversarial environment. *See* Affidavit of R. Bret Beattie, attached hereto as ***Exhibit 2***.

To meet their obligation to prove a bona fide dispute, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employee's right to a minimum wage or overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked

and the applicable wage. *Baker v. Vail Resorts Mgmt. Co.*, No. 13–CV–01649–PAB–CBS, 2014 WL 700096, at *1 (D.Colo. Feb. 24, 2014); *Dees v. Hydradry, Inc.,* 706 F.Supp.2d 1227, 1234 (M.D.Fla.2010); *Collins v. Sanderson Farms, Inc.,* 568 F.Supp.2d 714, 718 (E.D.La.2008). The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement. *Id.* These elements are met.

Plaintiffs are all former employees of the Defendant who were paid on a salary basis during their tenure until January 1, 2015, at which time Plaintiffs, to the extent still employed, were reclassified to non-exempt, hourly employees. Plaintiff performed sales and pest control services for the Defendant, a pest control company. In July 2015, the Defendant entity ceased being a company of going concern due to the sale of the company to Terminix. This lawsuit was filed shortly after completion of the sale transaction, on August 5, 2016.

The Plaintiffs each filed Consents to Join the lawsuit at various times on or after September 2017. As a result, and due the reclassification of the Plaintiffs by the Defendant in early 2015, all of the Plaintiffs' claims were subject to dismissal based on the two-year statute of limitations. Thus, unless the Plaintiffs could prove a willful violation of the FLSA at trial, thereby extending the statute of limitations to three (3) years, the Plaintiffs' risked losing altogether at trial.

For its part, the Defendant was prepared to present its affirmative defenses at trial, including the Plaintiffs were exempt from the overtime provisions of the FLSA as outside salesmen and the Plaintiffs' damages, if any, should be offset by premium pay paid to the Plaintiffs.

**B.    The Plaintiffs' Attorneys Effectively Protected Their Rights**.

Plaintiffs' counsel is an experienced complex litigation attorney with significant experience in multi-party and large-scale litigation and FLSA litigation. Defense counsel is an experienced FLSA attorney with a concentration in employment matters and specifically, wage and hour matters.

The results achieved were a result of diligent litigation and compromise. *See* Ex. 2.

**C.     The Settlement Agreement Reflects a Reasonable Compromise Over Disputed Issues.**

As a result of certain risks attendant to trial of the matter, the settlement is reasonable. This matter was scheduled to go to trial on three main issues – (1) whether each plaintiff could establish entitlement to overtime wages; (2) the amount of unpaid overtime within each individual plaintiff's recoverable time period; and (3) the fundamental establishment that the Defendant willfully failed to pay any overtime wages due, therefore extending the statute of limitations to three years. The third issue set forth above was a necessary finding for *any* recovery by any of the Plaintiffs due to statute of limitations issues.

Based on the Court's rulings about relevant time periods and the recoverable damages at the summary judgment stage, the parties were able to narrow the scope of potential damages at trial and reach the current compromise.   Due to the potential for a modest or no recovery depending on jury findings, and conversely, the possibility of a substantial attorney fees award under the FLSA fee shifting provision, the compromise was reached.  *See* Ex. 2.

**D.     The Settlement is Fair.**

To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employee and must not frustrate the FLSA policy rationales. Courts considering both individual and collective settlements under the FLSA turn to the factors for evaluating the fairness of a class action settlement under FED. R. CIV. P. 23(e). *See Gambrell v. Weber Carpet, Inc.,* No. 10–131–KHV, 2012 WL 5306273, at *3 (D.Kan. Oct. 29, 2012). To determine whether a proposed settlement under FED. R. CIV. P. 23(e), is fair and equitable to all parties, courts apply the following fairness factors: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and

expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1188 (10th Cir. 2002); *Fulton,* 2012 WL 1788140, at *3.

Each of those factors are addressed *infra*. The apportionment of settlement proceeds was based on a fair allocation formula. As a result, each employee is adequately compensated for his claims. *See* Ex. 1. Similarly, the attorney fees are reasonable and customary for a contingency case where the Plaintiffs' counsel took the risk of loss and bore the expenses of litigation. *See* Ex. 2.

WHEREFORE, the parties respectfully request that the court find the settlement satisfies the fairness requirements Under F.L.S.A. and approve the settlement.

Respectfully submitted this 19th day of April, 2019.

*s/ R. Bret Beattie*
R. Bret Beattie, Esq.
The Bret Beattie Law Firm, LLC
7555 E. Hampden Ave., Suite 600
Denver CO 80231
Tel. 720.708.3275
*Attorney for Plaintiffs*

*s/ Jennifer L. Gokenbach*
Jennifer L. Gokenbach, Esq.
Gokenbach Law, LLC
3001 Brighton Blvd., Suite 2660
Denver, Colorado 80216
Tel: 866.578.6223
*Attorney for Defendant*