# STIPULATION AND AGREEMENT OF COMPROMISE, SETTLEMENT, AND RELEASE PURSUANT TO SECTION 216(b) OF THE FLSA

THIS STIPULATION AND AGREEMENT OF COMPROMISE, SETTLEMENT, AND RELEASE PURSUANT TO SECTION 216(b) of the FLSA ("Settlement Agreement" or "Agreement"), is made by and between Jeff Coldwell ("Coldwell"), Isaac Mertens ("Mertens"), Brian Aguilar ("Aguilar"), Travis Britton ("Britton"), John Denny ("Denny"), Gregory Bryce Edwards ("Edwards"), Thomas Johnson ("Johnson"), Tyler Petz ("T.Petz"), Christopher Petz ("C.Petz"), and Allen Stelwagon ("Stelwagon") (collectively, the "Plaintiffs") and RITECorp Environmental Property Solutions, Inc. f/k/a PESTRITE ("RITECorp") ("Defendant"). This Settlement Agreement is intended by all parties to fully, finally, and forever resolve, discharge and settle the lawsuit titled *Jeff Coldwell and Isaac Mertens, individually and on behalf of all other similarly situated v. RITECorp Environmental Property Solutions, Inc. f/k/a PESTRITE* (D.Colo Case No. 1:16-cv-1998-NYW) (the "Lawsuit") upon and subject to the terms and conditions hereof. Plaintiffs and Defendant may sometimes be referred to herein singularly as a "Party," or collectively as the "Parties."

W I T N E S S E T H:

WHEREAS, at various times, Plaintiffs worked for RITECorp;

WHEREAS, on August 5, 2016, Coldwell initiated the Lawsuit against Defendant alleging that Coldwell and all other individuals similarly situated were misclassified as exempt employees and are owed unpaid overtime wages;

WHEREAS, on May 12, 2017, Coldwell and Mertens filed written consents under 29 U.S.C. § 256 to join the Lawsuit;

WHEREAS, on July 20, 2017, by way of Court Order, Plaintiff's Motion for Conditional Certification as a Collective Action was granted in part and denied in part, and notice was sent to putative opt-in members;

WHEREAS, between September 2017 and October 2017, Aguilar, Britton, Denny, Edwards, Johnson, T.Petz, C.Petz, and Stelwagon filed their written consents under 29 U.S.C. § 256 to join the Lawsuit; and

WHEREAS, Defendant denies each and every allegation of liability and wrongdoing that was asserted or could have been asserted by Plaintiffs, and asserts that it has factual and legal defenses to all claims alleged in the Lawsuit, including but not limited to, that Plaintiffs were properly exempt employees, Plaintiffs were properly paid for all actual time worked, Plaintiffs received premium pay in various amounts to offset any alleged damages, the applicable statute of limitations bars Plaintiffs' claims, and that the claims brought by Plaintiffs for overtime are without merit. Nevertheless, without admitting any wrongdoing or liability whatsoever, Defendant is willing to agree to the terms of this Agreement, provided that all of the Released Claims (as defined

below) are settled and compromised, in order to fully resolve all issues related to the subject matter of the Lawsuit and to avoid adding to the substantial amounts of time, energy, and other resources that have been and, absent settlement will continue to be devoted to the Lawsuit.  Plaintiffs and Defendant also concur that the proposed settlement is fair, reasonable, and adequate.

NOW THEREFORE, in consideration of this Agreement, the mutual promises contained herein, the release and dismissal of all Released Claims, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiffs and Defendant hereby agree to the terms and provisions of this Settlement Agreement.

Settlement Payment

A. In consideration of the releases and other obligations entered into by the Plaintiffs pursuant to this Settlement Agreement, Defendant agrees to remit the following consideration to the Plaintiffs and Plaintiff's counsel:

| *Name* | *Amount* |
| --- | --- |
| Coldwell | $ 2,212.38, subject to payroll tax withholdings set forth on Coldwell's executed IRS W-4 Form |
| Mertens | $ 2,093.86, subject to payroll tax withholdings set forth on Mertens' executed IRS W-4 Form |
| Aguilar | $ 582.72, subject to payroll tax withholdings set forth on Aguilar's executed IRS W-4 Form |
| Britton | $ 800.02, subject to payroll tax withholdings set forth on Britton's executed IRS W-4 Form |
| Denny | $ 454.33, subject to payroll tax withholdings set forth on Denny's executed IRS W-4 Form |
| Edwards | $ 721.00, subject to payroll tax withholdings set forth on Edwards' executed IRS W-4 Form |
| Johnson | $ 641.99, subject to payroll tax withholdings set forth on Johnson's executed IRS W-4 Form |
| C.Petz | $ 958.04, subject to payroll tax withholdings set forth on C.Petz's executed IRS W-4 Form |
| T.Petz | $ 355.56, subject to payroll tax withholdings set forth on T.Petz's executed IRS W-4 Form |
| Stelwagon | $ 1,056.81, subject to payroll tax withholdings set forth on Stelwagon's executed IRS W-4 Form |
| Plaintiffs' Counsel | $ 20,123.29, subject to Plaintiffs' Counsel's executed IRS W-9 Form |

B. The above listed payments shall be sent to Plaintiffs' Counsel within ten (10) business days of the last date of a Party's execution of this Agreement (hereinafter, the "Effective Date").  All payments received prior to the Court's final approval of the settlement and/or dismissal of the Lawsuit

will be held in Plaintiffs' Counsel's trust account and not disbursed to Plaintiffs unless and until such time as the Court grants approval and/or dismisses the Lawsuit with prejudice. Should any appeal be timely made by any Party, all settlement monies shall remain in trust during the pendency of the appeal. Should the Court not approve the settlement and/or dismiss the Lawsuit, and the parties are unable to rectify any deficiencies indicated by the Court, Plaintiffs' counsel shall return all settlement monies to counsel for the Defendant within ten (10) days of such order or impasse, provided the Parties and/or their counsel do not agree in writing otherwise.

      C.      In order to effectuate issuance of the above-referenced payments, Plaintiffs shall each execute an IRS W-4 Form and submit such form to Defendant, through Defendant's counsel, upon execution of this Agreement.

      D.      Payment may be made by ACH payment electronically sent to Plaintiffs or their counsel upon written request, or check, cashier's check or money order issued to each Plaintiff as set forth above and delivered to Bret Beattie, Esq., Firepower Law

General Release

      A.      For and in return for the settlement payment specified above and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs knowingly and voluntarily release and forever discharge Defendant from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demand whatsoever in law or in equity (hereinafter collectively referred to as the "Released Claims"), whether known or unknown which the Plaintiffs ever had or now have against the Defendant, based on any acts, omissions, transactions or occurrences whatsoever through the effective date of this Agreement, and specifically, but not by way of limitation, to those claims arising by reason of or in any way connected with or which are or may be based in whole or in part on, or do or may arise out of or are or may be related to or with the Lawsuit; the employment and/or termination of employment of Plaintiffs with Defendant; unlawful acts of any kind arising under or in reliance upon any statute (federal, state or local); deprivation of civil rights, unlawful acts of any kind, or discrimination under state, local or federal law or otherwise including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, Civil Rights Act of 1991, and Americans with Disabilities Act; interference with or breach of contract (express or implied, in fact or in law), detrimental reliance, breach of duty of good faith and fair dealing (express or implied) and/or breach of contract of any kind; retaliatory or wrongful discharge, breach of policy and/or public policy, bad faith discharge, negligence, negligent hiring and retention, negligent discharge, intentional and negligent infliction of emotional or mental distress, invasion of privacy, deceit, interference with advantageous relations, outrageous conduct, inducement, fraud, false imprisonment, assault, assault and battery, false arrest, malicious prosecution, breach of duty, libel, slander and/or tortious and/or criminal conduct of any kind; interference with business relationships, contractual relationships or employment relationships of any kind; loss of consortium; attorney fees, expenses or costs pursuant to any statute, contract or common-law claim; any and all other claims arising under law or equity; and, any and all other claims asserted, or which could have been asserted by the Plaintiffs in any other charge or claim or violation of any applicable law, rule, ordinance, regulation or order. This Settlement Agreement, however, does not

release any claims that may not be released by law or any claims to enforce this Agreement.

### Dismissal of Action

A. The Parties agree to the dismissal of the Lawsuit with prejudice, following and subject to full execution of this Agreement and Defendant's satisfaction of its payment obligations hereunder.

B. Upon full execution of this Agreement, or within three (3) business days thereof, the parties agree that the Plaintiffs' counsel will cause to be filed with the Court a Joint Stipulated Motion to Approve Settlement and Dismiss the Lawsuit with Prejudice, together with any other documents needed to obtain settlement approval.

C. Should the Court not approve the settlement and/or not dismiss the Lawsuit with prejudice, the Parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on March 21, 2019.

### Miscellaneous

A. <u>Governing Law & Jurisdiction</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Colorado. The parties agree that any disputes related to this Agreement shall be subject to the jurisdiction of the State of Colorado and any proceedings raised shall take place in federal or state courts of Colorado.

B. <u>Effective Date</u>. This Agreement shall be effective and enforceable upon the date of the last party to execute this Agreement. The parties acknowledge that upon execution of this Agreement, it will be binding upon the Parties and is irrevocable.

C. <u>Entire Agreement</u>. This writing is intended by the Parties as a final, complete, and exclusive statement of the terms of their understanding and shall supersede all prior negotiations, communications, agreements, or understandings of any nature whatsoever. If there is any conflicting language between this Agreement and any prior document, this document governs.

D. <u>Severability</u>. Each provision of this Agreement is intended to be severable. In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

E. <u>No Admission of Liability</u>. It is understood and agreed that this Agreement, any consideration given or accepted in connection with it, and the covenants made in it are all made, given, and accepted in settlement and compromise of disputed claims and are not an admission of liability by anyone. The Parties simply enter into this Agreement to resolve disputed claims and to avoid the time and expense with continued litigation.

F. <u>Taxes</u>. It is understood and agreed that Defendant has made no representations as to

the taxability of any payments pursuant to this Settlement Agreement, including all payments to the Plaintiffs and Plaintiffs' counsel.  Each Plaintiff is advised to seek his or her own personal tax advice, and the Plaintiffs agree to be responsible for any and all taxes associated with the payments made hereunder.

      G.    <u>No Assignment of Rights</u>.  The Plaintiffs warrant and represent that they have not assigned, transferred, or hypothecated, or purported to assign, transfer, or hypothecate to any person or entity any of the Released Claims or any rights, claims, or causes of action arising therefrom.  This warrant and representation of non-assignment shall survive the execution of this Settlement Agreement and the dismissal of the Lawsuit. Defendant shall not be obligated to pay any settlement payment to any person or entity with respect to whom any Plaintiff has assigned, transferred, or hypothecated, or purported to assign, transfer, or hypothecate any of the Released Claims or any rights, claims, or causes of action arising out of the Released Claims or this Settlement Agreement.

      H.    <u>Knowing And Voluntary</u>.  The Parties hereto acknowledge that they are entering into this Agreement freely and voluntarily; that all Parties have read each page of this Agreement carefully before signing same; that all Parties have ascertained and weighed all the facts and circumstances likely to influence their judgment herein; that each Party has had the opportunity to be represented by its/his own counsel; that all the provisions hereof, as well as all questions pertaining thereto, have been fully and satisfactorily explained to each Party; that each Party has given due consideration to such provisions and finds them to be in their respective best interests; and, that each Party clearly understands and assents to all the provisions hereof.

      I.    <u>Representations</u>.  As part of this consideration for the conditions of the settlement as set forth above, the signatories expressly warrant and represent that (a) they are legally competent to execute this Agreement; (b) they have full and complete authority to execute this Agreement; (c) each person executing this Agreement on behalf of a Party has been fully authorized to do so on behalf of such Party; and (d) such Party is bound by the signature of such representative.

      J.    <u>Modification</u>.  This Agreement can only be modified in a writing signed by all Parties or their duly authorized agents in accordance with Colorado law.

      K.    <u>Interpretation</u>.  Though one Party or its representatives may have drafted this Agreement, it shall be interpreted fairly, reasonably, and not more strongly against one Party than the other.

      L.    <u>Enforcement</u>.  Notwithstanding this paragraph or any other provision within this Settlement Agreement, the Parties retain and reserve all rights, procedures and remedies available to enforce this Settlement Agreement, and nothing herein, except jurisdiction, venue, and choice-of-law provisions, shall abridge or otherwise limit the rights, procedures and remedies available to the Parties in enforcing this Settlement Agreement.

      M.    <u>Additional Documents and Responsibilities</u>.  The Parties agree that they will at any time and from time to time as requested, execute and deliver all further instruments and documents

without any charge whatsoever, and take all further action that may be necessary, to effectuate the intent of this Agreement; provided, however, that no such instruments or documents shall vary the terms of this Agreement, especially impose any additional costs, expenses, or obligations on any party. The exception to this is that, should Plaintiffs or Plaintiffs' counsel be forced to enforce this Agreement because of nonpayment in accordance with the provisions set forth above, Defendants agree to pay Plaintiffs' reasonable attorney fees for having to do so.

N.  Binding Agreement. This Agreement shall inure to the benefit of and be binding on each Party's successors, assigns, heirs, administrators, representatives, and trustees.

O.  Counterparts and Electronic Signatures. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such. The parties agree that a faxed, electronic, or scanned signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by electronic signature, fax or pdf attachments to emails.

P.  Headings. Headings used in this Agreement are for convenience only and shall not be used in connection with the interpretation of any provision hereof.

Q.  Defined Terms. Capitalized terms used in this Agreement shall have the meanings ascribed to them at the point where first defined, irrespective of where their use occurs, with the same effect as if the definitions of such terms were set forth in full and at length every time such terms are used.

R.  Pronouns. Wherever appropriate in this Agreement, personal pronouns shall be deemed to include the other gender and the singular to include the plural.

S.  Notices. Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and either sent by prepaid, registered or certified mail, return receipt requested, or by any so-called "overnight" or "one-day" mailing service addressed to such other Party at the address(es) set forth below. A copy may be provided to legal counsel, but in no event does such copy alone satisfy the Notice hereunder. Notice shall be deemed communicated within three (3) business days from the date of mailing or on the date of actual receipt, whichever date is earlier, if delivered as provided in this paragraph. The addresses for notice are as follows, unless otherwise specified:

| *Party:* | *Address:* | *With a Copy to:* |
|---|---|---|
| Defendant | RITECorp Environmental Property Solutions, Inc. Attn: Mike Burns 55 Gateway Circle Berthoud, Colorado 80513 | Jennifer Gokenbach, Esq. Gokenbach Law, LLC 3001 Brighton Blvd., Suite 2660 Denver, Colorado 80216 jennifer@gokenbachlaw.com |
| Plaintiff | Jeff Coldwell 6626 Sunburst Ave | Bret Beattie, Esq. Firepower Law |

|  |  |  |
|---|---|---|
|  | Firestone, CO 80504 | 7555 E. Hampden Ave<br>Suite 600<br>Denver, CO 80231 |
| Plaintiff | Isaac Mertens<br>6345 Millbridge Ave.<br>Castle Rock, CO 80104 | Bret Beattie, Esq.<br>Firepower Law<br>7555 E. Hampden Ave<br>Suite 600<br>Denver, CO 80231 |
| Plaintiff | Brian Aguilar<br>4715 Bunchberry Lane<br>Colorado Springs, CO 80917 | Bret Beattie, Esq.<br>Firepower Law<br>7555 E. Hampden Ave<br>Suite 600<br>Denver, CO 80231 |
| Plaintiff | Travis Britton<br>2203 W. Plum Street, Unit T-119<br>Fort Collins, CO 80521 | Bret Beattie, Esq.<br>Firepower Law<br>7555 E. Hampden Ave<br>Suite 600<br>Denver, CO 80231 |
| Plaintiff | John Denny<br>11210 R.M. 2222, Apt 10202<br>Austin, TX 78730 | Bret Beattie, Esq.<br>Firepower Law<br>7555 E. Hampden Ave<br>Suite 600<br>Denver, CO 80231 |
| Plaintiff | Gregory Bryce Edwards<br>236 N 55th Ave<br>Greeley Co 80634 | Bret Beattie, Esq.<br>Firepower Law<br>7555 E. Hampden Ave<br>Suite 600<br>Denver, CO 80231 |
| Plaintiff | Thomas Johnson<br>6621 W. Hummel Drive<br>Boise, ID 83709 | Bret Beattie, Esq.<br>Firepower Law<br>7555 E. Hampden Ave<br>Suite 600<br>Denver, CO 80231 |
| Plaintiff | Christopher Petz<br>5954 S Malta Way<br>Centennial, CO 80015 | Bret Beattie, Esq.<br>Firepower Law<br>7555 E. Hampden Ave<br>Suite 600<br>Denver, CO 80231 |
| Plaintiff | Tyler Petz<br>833 Gay St<br>Longmont, CO 80501 | Bret Beattie, Esq.<br>Firepower Law<br>7555 E. Hampden Ave<br>Suite 600<br>Denver, CO 80231 |

| Plaintiff | Allen Stelwagon<br>2319 Austin Ave.<br>Loveland CO 80538 | Bret Beattie, Esq.<br>Firepower Law<br>7555 E. Hampden Ave<br>Suite 600<br>Denver, CO 80231 |
|---|---|---|

IN AGREEMENT HERETO, the Parties execute this Agreement as set forth below.

<u>PLAINTIFFS:</u>

_____     _____
Jeff Coldwell                                              Date


_____     _____
Isaac Mertens                                            Date


_____     _____
Brian Aguilar                                             Date


_____     _____
Travis Britton                                            Date


_____     _____
John Denny                                              Date


_____     _____
Gregory Bryce Edwards                            Date


_____     _____
Thomas Johnson                                      Date


_____     _____
Christopher Petz                                       Date


_____     _____
Tyler Petz                                                  Date


_____     _____
Allen Stelwagon                                       Date

|           |                        | [Address]                               |
|-----------|------------------------|------------------------------------------|
| Plaintiff | Isaac Mertens          | Bret Beattie, Esq.                       |
|           | [Address]              | Firepower Law                            |
|           |                        | [Address]                                |
| Plaintiff | Brian Aguilar          | Bret Beattie, Esq.                       |
|           | [Address]              | Firepower Law                            |
|           |                        | [Address]                                |
| Plaintiff | Travis Britton         | Bret Beattie, Esq.                       |
|           | [Address]              | Firepower Law                            |
|           |                        | [Address]                                |
| Plaintiff | John Denny             | Bret Beattie, Esq.                       |
|           | [Address]              | Firepower Law                            |
|           |                        | [Address]                                |
| Plaintiff | Gregory Bryce Edwards  | Bret Beattie, Esq.                       |
|           | [Address]              | Firepower Law                            |
|           |                        | [Address]                                |
| Plaintiff | Thomas Johnson         | Bret Beattie, Esq.                       |
|           | [Address]              | Firepower Law                            |
|           |                        | [Address]                                |
| Plaintiff | Christopher Petz       | Bret Beattie, Esq.                       |
|           | [Address]              | Firepower Law                            |
|           |                        | [Address]                                |
| Plaintiff | Tyler Petz             | Bret Beattie, Esq.                       |
|           | [Address]              | Firepower Law                            |
|           |                        | [Address]                                |
| Plaintiff | Allen Stelwagon        | Bret Beattie, Esq.                       |
|           | [Address]              | Firepower Law                            |
|           |                        | [Address]                                |

IN AGREEMENT HERETO, the Parties execute this Agreement as set forth below.

PLAINTIFFS:

_____          ____4/17/19_____
Jeff Coldwell                                                Date


_____          _____
Isaac Mertens                                                Date


Page 7 of 8

|          |                                      |                                                        |
|----------|--------------------------------------|--------------------------------------------------------|
|          |                                      | [Address]                                              |
| Plaintiff | Isaac Mertens<br>[Address]          | Bret Beattie, Esq.<br>Firepower Law<br>[Address]       |
| Plaintiff | Brian Aguilar<br>[Address]          | Bret Beattie, Esq.<br>Firepower Law<br>[Address]       |
| Plaintiff | Travis Britton<br>[Address]         | Bret Beattie, Esq.<br>Firepower Law<br>[Address]       |
| Plaintiff | John Denny<br>[Address]             | Bret Beattie, Esq.<br>Firepower Law<br>[Address]       |
| Plaintiff | Gregory Bryce Edwards<br>[Address]  | Bret Beattie, Esq.<br>Firepower Law<br>[Address]       |
| Plaintiff | Thomas Johnson<br>[Address]         | Bret Beattie, Esq.<br>Firepower Law<br>[Address]       |
| Plaintiff | Christopher Petz<br>[Address]       | Bret Beattie, Esq.<br>Firepower Law<br>[Address]       |
| Plaintiff | Tyler Petz<br>[Address]             | Bret Beattie, Esq.<br>Firepower Law<br>[Address]       |
| Plaintiff | Allen Stelwagon<br>[Address]        | Bret Beattie, Esq.<br>Firepower Law<br>[Address]       |

IN AGREEMENT HERETO, the Parties execute this Agreement as set forth below.

PLAINTIFFS:

_____  
Jeff Coldwell

_____  
Date

_____  
Isaac Mertens

4-17-19  
Date

_____      4/18/2019
Brian Aguilar                  Date
*(signature: Brian Aguilar)*

_____      _____
Travis Britton                 Date

_____      _____
John Denny                     Date

_____      _____
Gregory Bryce Edwards          Date

_____      _____
Thomas Johnson                 Date

_____      _____
Christopher Petz               Date

_____      _____
Tyler Petz                     Date

_____      _____
Allen Stelwagon                Date

DEFENDANT:

_____      _____
Mike Burns, for                Date
RITECorp Environmental Property
Solutions, Inc. f/k/a PESTRITE

APPROVED AS TO FORM:

_____      _____
Bret Beattie, Esq.             Jennifer L. Gokenbach, Esq.
*Counsel for Plaintiffs*       *Counsel for Defendant*

Page 8 of 8

_____        Date
Brian Aguilar
*[signature]*                          4/17/19
_____        _____
Travis Britton                         Date

_____        _____
John Denny                             Date

_____        _____
Gregory Bryce Edwards                  Date

_____        _____
Thomas Johnson                         Date

_____        _____
Christopher Petz                       Date

_____        _____
Tyler Petz                             Date

_____        _____
Allen Stelwagon                        Date

**DEFENDANT:**

_____        _____
Mike Burns, for                        Date
RITECorp Environmental Property
Solutions, Inc. f/k/a PESTRITE

APPROVED AS TO FORM:

_____        _____
Bret Beattie, Esq.                     Jennifer L. Gokenbach, Esq.
*Counsel for Plaintiffs*               *Counsel for Defendant*

_____    _____
Brian Aguilar                                           Date

_____    _____
Travis Britton                                          Date

_____    _____
John Denny                                            Date
*[signature]*                                          4-18-19

_____    _____
Gregory Bryce Edwards                         Date

_____    _____
Thomas Johnson                                  Date

_____    _____
Christopher Petz                                     Date

_____    _____
Tyler Petz                                                Date

_____    _____
Allen Stelwagon                                     Date

**DEFENDANT:**

_____    _____
Mike Burns, for                                        Date
RITECorp Environmental Property
Solutions, Inc. f/k/a PESTRITE

APPROVED AS TO FORM:

_____    _____
Bret Beattie, Esq.                                    Jennifer L. Gokenbach, Esq.
*Counsel for Plaintiffs*                          *Counsel for Defendant*

Page 8 of 8

_____    _____
Brian Aguilar                     Date

_____    _____
Travis Britton                    Date

_____    _____
John Denny                        Date

*[signature: Gregory Bryce Edwards]*

_____    4/18/19
Gregory Bryce Edwards             Date

_____    _____
Thomas Johnson                    Date

_____    _____
Christopher Petz                  Date

_____    _____
Tyler Petz                        Date

_____    _____
Allen Stelwagon                   Date

DEFENDANT:

_____    _____
Mike Burns, for                   Date
RITECorp Environmental Property
Solutions, Inc. f/k/a PESTRITE

APPROVED AS TO FORM:

_____    _____
Bret Beattie, Esq.                Jennifer L. Gokenbach, Esq.
*Counsel for Plaintiffs*          *Counsel for Defendant*

_____  _____
Brian Aguilar                Date

_____  _____
Travis Britton               Date

_____  _____
John Denny                   Date

_____  _____
Gregory Bryce Edwards        Date

*[signature: Thomas Johnson]*   4/17/19
Thomas Johnson               Date

_____  _____
Christopher Petz             Date

_____  _____
Tyler Petz                   Date

_____  _____
Allen Stelwagon              Date

DEFENDANT:

_____  _____
Mike Burns, for              Date
RITECorp Environmental Property
Solutions, Inc. f/k/a PESTRITE

APPROVED AS TO FORM:

_____  _____
Bret Beattie, Esq.           Jennifer L. Gokenbach, Esq.
*Counsel for Plaintiffs*     *Counsel for Defendant*

_____       _____
Brian Aguilar                                              Date

_____       _____
Travis Britton                                             Date

_____       _____
John Denny                                                 Date

_____       _____
Gregory Bryce Edwards                                      Date

_____       _____
Thomas Johnson                                             Date

*(signature)*                   4/18/19
_____       _____
Christopher Petz                                           Date

_____       _____
Tyler Petz                                                 Date

_____       _____
Allen Stelwagon                                            Date

DEFENDANT:

_____       _____
Mike Burns, for                                            Date
RITECorp Environmental Property
Solutions, Inc. f/k/a PESTRITE

APPROVED AS TO FORM:

_____       _____
Bret Beattie, Esq.              Jennifer L. Gokenbach, Esq.
*Counsel for Plaintiffs*        *Counsel for Defendant*

_____  _____
Brian Aguilar                                                      Date

_____  _____
Travis Britton                                                       Date

_____  _____
John Denny                                                          Date

_____  _____
Gregory Bryce Edwards                                      Date

_____  _____
Thomas Johnson                                                 Date

_____  _____
Christopher Petz                                                  Date

*/s/ Tyler Petz*                                                        04/17/2019
_____  _____
Tyler Petz                                                              Date

_____  _____
Allen Stelwagon                                                  Date

DEFENDANT:

_____  _____
Mike Burns, for                                                      Date
RITECorp Environmental Property
Solutions, Inc. f/k/a PESTRITE

APPROVED AS TO FORM:

_____  _____
Bret Beattie, Esq.                                                  Jennifer L. Gokenbach, Esq.
*Counsel for Plaintiffs*                                          *Counsel for Defendant*

_____         _____
Brian Aguilar                          Date

_____         _____
Travis Britton                         Date

_____         _____
John Denny                             Date

_____         _____
Gregory Bryce Edwards                  Date

_____         _____
Thomas Johnson                         Date

_____         _____
Christopher Petz                       Date

_____         _____
Tyler Petz                             Date

*[signature]*                          ___04-17-19_____
Allen Stelwagon                        Date

DEFENDANT:

_____         _____
Mike Burns, for                        Date
RITECorp Environmental Property
Solutions, Inc. f/k/a PESTRITE

APPROVED AS TO FORM:

_____         _____
Bret Beattie, Esq.                     Jennifer L. Gokenbach, Esq.
*Counsel for Plaintiffs*               *Counsel for Defendant*

DEFENDANT:

_____      4/19/2019
Mike Burns, for      _____
RITECorp Environmental Property      Date
Solutions, Inc. f/k/a PESTRITE

APPROVED AS TO FORM:

_____      _____
Bret Beattie, Esq.      Jennifer L. Gokenbach, Esq.
*Counsel for Plaintiffs*      *Counsel for Defendant*

DEFENDANT:

_____   _____
Mike Burns, for    Date
RITECorp Environmental Property
Solutions, Inc. f/k/a PESTRITE

APPROVED AS TO FORM:

/s/ Bret Beattie
_____   _____
Bret Beattie, Esq.    Jennifer L. Gokenbach, Esq.
*Counsel for Plaintiffs*    *Counsel for Defendant*